MORRIS SHEPPARD ARNOLD, Circuit Judge,
dissenting.
I disagree with the court’s decision. In the first place, the magistrate judge in his order of June 28 does not hold that Ms. Treanor’s “appeals” were untimely. (Such a determination is not for the magistrate judge in any case; it is for the district court to whom the appeal was made.) What the magistrate judge said was that he would consider the motion to reconsider on its merits, even though that motion was untimely because it came after the time to pay the sanctions had expired.
I also disagree with the court’s statement that when the magistrate judge made his recommendation on July 15, 1996, “[n]othing had changed since the magistrate had decided on April 16, 1996 that dismissal at that time was ‘too drastic.’ ” On the contrary, the plaintiff and her counsel had failed to pay the sanctions that the magistrate judge had ordered, after the magistrate judge had allowed the ease to continue only on the specific condition that those sanctions be paid.
More basically, I dissent from the court’s conclusion that the district court gave no reason for rejecting the appeal of the order of June 28 other than the untimeliness of the appeals. I think that a fair reading of the district court’s order indicates that the-district court made a completely “de novo review of the file, record and proceedings herein,” including all the relevant materials that bore on the magistrate judge’s decision of June 28, in accepting the magistrate judge’s final recommendation.
That being the case, I would reach the question of the appropriateness of the sanctions imposed, and would affirm the district court since we are obliged to be “very deferential” in reviewing sanctions for discovery abuses. Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 280 (8th Cir.1995), cert. denied, 516 U.S. 822, 116 S.Ct. 84, 133 L.Ed.2d 42 (1995). Here, the magistrate judge and the district court exhibited exemplary patience in dealing with the plaintiff and her counsel.
Because of today’s decision, this perfectly ordinary case now enters its fourth year without even passing beyond discqvery. The record is already huge, with 250 pages of briefs and motions filed in the appeal alone. To allow these proceedings to continue on this record cooperates in an abuse of the legal system of a kind that is all too common, and I therefore, respectfully dissent from the court’s judgment.